February 17, 2015

Clerk, Court of Appeals
Fourth District of Texas
300 Delarosa St. Ste 3200
San Antonio, Texas 78205

2015 FEB 19 PM 1:39
IN THE COURT OF APPEALS
AT SAN ANTONIO, TEXAS
FILED
Keith E. Hottle
KEITH E. HOTTLE, CLERK

RE: Cause No 2014-CR-5767
State of Texas v. George Rosas
Writ of Mandamus

Dear Clerk,
    Enclosed please find relators petition for
writ of mandamus to be filed in the above styled
cause. Please note also that relator is indigent
and cannot pay any filing fee but seeks emergency
redress.    Thank you for your assistance in this
matter.
    Sincerely

    George Rosas 1003115
    Nueces County Jail
      P.O. Box 1529
    Corpus Christi, TX 78401

Court of Appeals
Fourth District of Texas

In Re: George Rosas

Cause No.

Sid Num. 1028839

2014-CR-5747

FILED
IN THE COURT APPEALS
AT SAN ANTONIO, TEXAS
2015 FEB 19 PM 1:39

## Petition For writ of Mandamus

### Parties

Hon. Sid Harael, Judge 226th District Court Bexar
County, Texas 78205

District Attorney Susan Reed, 101 W. Nueva St 4th Fl.
San Antonio, Texas 78205

Abelardo Garza, Defense Counsel, 305 E. Ashby Pl.
San Antonio, Texas 78212-3711

Bexar County Sheriff Susan Pamerleau, 200 N. Comal
San Antonio, Texas 78207

David Davila, Bexar County Sheriff's CID Detective, 200 N. Comal
San Antonio, Texas 78207

1.

# TABLE of CONTENTS

Table of Contents .......................... pg 2.

Index of Authorities ...................... pg 3.

Statment of the Case ..................... pg 4

Facts and Arguments ..................... pg 5.

    A. Disposition of Motions .......... pg 5.

    B. Investigate Agreement to Dismiss Charges ... pg 6

    C. Termination of Counsel ......... pg 7.

    D. Prejudicial Transfer ............. pg 7.

    E. Bexar County Sheriff: Gerstein Violation ... pg. 8

Jurisdiction ................................. pg. 9

Prayer ...................................... pg 9.

# Index of Authorities

Art. 1.05 T.A.C.C.P.                                      pg.7

Art. 16.01 T.A.C.C.P.                                     pg.8

Arizona v. Fulminante 99 US 150,
        92 SCt. 763 (1972)                               pg 6

Deanotes v. Godwin 84 F3d 768 (5th Cir 1996)             pg.7

Gerstein v. Pugh 420 US 103,
        95 SCt. 854 (1975)                               pg 8

Gialio v United States 405 US 150,
        92 SCt. 763 (1972)                               pg 7.

In re Kleven 100 SW3d 643 (Tex App -
            Texarkana 2003 exig. proc.)                  pg.5

Mary v. Sheahan 226 F3d 876 (7th Cir 2000)               pg 8

Safety Kleen Corp. v. Garcia 945 SW2d 268
            (Tex. App - San Antonio 1997)                pg.6

Titton v. Marshell 925 SW2d 672 (Tex 1996)               pg 9

## Statement of the Case

This is a writ of mandamus filed by Relator George Rosas, a pretrial detainee arrested for a non-existent protective order (p.o.), injury to a child, impeding 911 call, theft of a firearm, and felon in poss. of firearm. All charges except felon in poss. of firearm were dismissed. Relator complained to Respondant Reed that alleged victim lied about the allegations because relator went to the hotel to remove his son from his mother (alleged victim) who was high on prescription drugs (Xanax) and had just been released from the emergency room (Nix medical emergency on Navarro St.). The victim told the arresting officer that relator was violating a p.o. Although no p.o. existed relator was still arrested. Relator has been inconcerated for 11 months and has filed numerous motions, complaints, and pleadings with respondents that continue to be <u>ignored</u>.

Additionally respondent CID Detective Davila in a recorded interview promised relator immunity from his pending criminal charges and that Respondant Reed was in agreement. in exchange for information in regards to gang related murders in Corpus Christi, Texas. Respondant Reed claims no knowledge of any deal. Relator seeks disposition of his motions, complaints, and pleadings; investigation into the promise of immunity by respondant Davila; termination of counsel and disciplinary action against respondant Garza; and a probable cause hearing mandated by T.A.C.C.P. Art. 16.01.

4.

## Facts and Arguments

### A. Disposition of motions

Relator has filed with the court numerous motions, complaints and pleadings that have all been ignored. (1) Two complaints to Respondent Reed - April 2014 (voicing innocence);

(2) Complaint to Judge Hanel and Reed in regards to Davila coercing Relator to be an informant and misleading "promise". July 23, 2014;

(3) motion to Dismiss - July 28, 2014;

(4) motion to Suppress - July 28, 2014;

(5) motion to Terminate Counsel - August 18, 2014;

(6) "          " sent to DA Reed - August 18, 2014;

(7) Renewed motion to Suppress - September 2, 2014;

(8) Petition for Injunction sent to Reed and Judge - September 3, 2014;

(9) Renewed motion to Terminate Counsel - September 17, 2014;

(10) Petition to Investigate Prosecutor and Defense counsel misconduct - October 15, 2014

Relator argues that the trial court is required to rule on a motion or object within a reasonable time. see In re: Kleven 100 Sw3d 643, 644 (Tex. App.- Texarkana 2003) The act of a trial court giving a motion consideration or ruling on it is a ministerial act. In re Kleven 100

5.

sw3d at 644; see also Safety Kleen Corp. v. Garcia 945 sw2d 268, 269 (Tex App. San Antonio 1997).

## B. Investigate Agreement to Dismiss Charges

On July 24, 2014, in a video recorded interview Relator entered into an agreement with respondents BCS CID Detective David Davila (Davila also claimed to be speaking on behalf of Respondent Reed), FBI agent "Marty", and Corpus Christi Police Dept Homicide Detective Eddie Alvarado (Alvarado met with Relator on July 26, 2014) to dismiss the pending criminal charges (possession of firearm and assault) against Relator in exchange for information on gang related murders in Corpus Christi, Texas. In over 10 recorded phone conversations to Davila's personal phone (210-669-4162); July 3, 5, 7, 17, 19, 27, and 28, 2014, and August 5, 16, and 19, 2014, Davila promised relator dismissal of his charges but "needed" or "wanted" more information. In addition Relator also gave information about his own case when asked by Davila if relators charges were bogus. Shortly there after relator was indicted.

Relator claims that Davila was acting as an agent of the government when he questioned Relator. see Arizona v. Fulminante 499 US 279, 288, 111 SCt. 1246 (1991). As such any promise made to relator by

6.

Davila is atributed to the government regardless of whether agent (Davila) had authority to make the promise. See Giglio v. U.S. 405 US 150, 153, 92 SCt. 763, 765 (1972).

## C. Termination of Counsel

Relator argues that his court appointed counsel refused to effectively represent relator in his criminal proceedings. Relator has repeatedly asked Respondent Garza to get relator before the judge to complain about misconduct. Relator informed Garza that the protective order did not exist. Relator asked Garza to help him in regards to the coercion by Davila to which Garza responded, " good luck " and left the courtroom. Garza has done nothing and continues to do nothing and would like Garza terminated as counsel and disciplinary charges brought against him. Article 1.05 mandates that a defendant... "shall have the right of being heard by himself, or counsel, or both." See Degnate v Godwin 84 F3d 768, 768-69 (5th Cir 1996).

## D. Prejudicial Transfer

On September 24, 2014. relator was transfered to Nueces County Jail (NCJ) to testify in a

murder trial on behalf of the accused. On October 1, 2014, the charge was dismissed against the accused. However relator remains at the NCT (five months) and has missed three (3) trial dates in his own proceedings in Bexar County. Relator's letters to Respondents Hazzel and Reed have been ignored. Relator claims that the transfer has prejudiced his criminal proceedings in that refusal to take him to court has resulted in delay in disposition, resulting in longer incarceration. see May v. Sheehan 226 F3d 876, 883 (7th Cir. 2000); see also Simpson v. Gallant 231 F.Supp 2d. 341, 348 (D Me 2002).

### E. Bexar County Sheriff
### Gerstein Violation

Relator seeks a judicial determination of probable cause for his detention pursuant to Gerstein v. Pugh 420 US 103, 95 SCt. 854, (1975); see also County of Riverside v. McLaughlin 500 US 44, 111 SCt. 1661. Relator has been incarcerated for 11 months without one word spoken to any judge; April 12, 2014 appearance before a magistrate was the only appearance relator has had. Relator seeks a writ of habeas corpus so that Relator can appear in court to exercise his constitutional right to be heard. Article 16.01 T.A.C.C.P.

## Jurisdiction

This Court has subject matter jurisdiction because relator has no other remedy at law. Titton v. Marshall 925 sw2d 672 (Tex. 1996).

## Prayer

For the foregoing reasons Relator prays this court grant relief requested in his writ of mandamus. Relator prays this court grant other such relief Relator is entitled.

February 17, 2015
Respectfully Submitted

George Rosas 10031115
Nueces County Jail
P.O. Box 1529
Corpus Christi, Texas 78401

I, George Rosas, Relator in the above foregoing action declares under penalty of perjury that the above is true and correct.

February 17, 2015
Respectfully

George Rosas 10031115

9.

George Rosas ) 008/1115
P.O. Box 1529
Corpus Christi, TX 78401

FILED
IN THE COURT OF APPEALS
AT SAN ANTONIO, TEXAS

2015 FEB 19 PM 1:39

_____ E. Hottle

KEITH E. HOTTLE, CLERK

Clerk:
4th Court of Appeals
300 Delarosa Sta. Suite 3200
San Antonio, TX 78205

CORPUS
17 FEB 2015 PM

Justice
FOREVER
USA
FOREVER USA

FOREVER
USA

PURPLE HEART

Bank Swallow